## State Real Estate Commission v. Vogel

*Rudolph A. Chillemi,* for plaintiff.
*Nissley, Cleckner & Fearen,* for defendant.

SHELLEY, J., April 18, 1960.—This is an appeal from the adjudication of the State Real Estate Commission suspending the real estate broker's license of respondent-appellant, Newman J. Vogel. . . .

Respondent is the holder of a real estate broker's license issued by the State Real Estate Commission. He was requested by the owners of real estate in the

City of Allentown, Lehigh County, to sell a tract of real estate. The arrangement was oral. There was no formal writing between the parties. Respondent received a down payment in the sum of $400 from a prospective purchaser. He thereupon had the sellers sign a "down payment" receipt which reads as follows:

"Allentown, Pa., May 6th, 1957

"SUBJECT to the terms and conditions set forth below I herewith make "down payment" on premises No. 1527 So. Jefferson St., Allentown, Pa. in the sum of $400.00; Price to be $8500.00; Terms cash

"Cash at final settlement $8100.00

"Down Payment" shall be refunded if the above is not acceptable to the seller. In the event that the purchaser fails to comply with the contract, the down money shall be retained as liquidated damages and the purchaser does hereby release any and all claims thereto.

"Premises, when delivered, must be free of all encumbrances and liens; taxes to be apportioned to the date of settlement which is to be made on or before May 11, 1957. It is agreed herein that the real estate broker is acting only as agent and not as principal, and is in no wise to be considered as personally liable under the terms of the within contract.

/s/ Alois Vitek
*Buyer*

/s/ Raymond Croll & Gladys H. Croll
*Seller*

"RECEIVED the above sum of Four Hundred Dollars

"From Alois Vitek
"$400.00              /s/  N. J. Vogel Agent"

On the reverse side appears the following:

"May 10th, 1957

"By mutual consent the settlement date is extended to May 13, 1957.          /s/    Raymond Croll
                                    /s/   Gladys H. Croll"

Respondent then suggested that it would be advisable for the sellers to have the services of an attorney. The sellers demurred to this suggestion because of the expense. Respondent then suggested his own attorney to act for the sellers and the "down payment" receipt was delivered to him. There was no formal agreement of sale entered into by the sellers until the attorney for the prospective purchasers prepared such agreement, which was signed by the seller and his wife but not by the purchasers. This agreement was retained by the purchasers' attorney. The down payment of $400 was retained by respondent, although repeated requests were made of him by the sellers for the whole or some part of it. Respondent refused to turn over any part of the $400, claiming it as his commission.

There is no evidence as to what, if any, arrangements between the sellers and respondent's attorney were made establishing the relationship of attorney and client. An attorney-at-law has no power to act as legal representative or counsel for any person by virtue of a license alone. There must be a contract of employment, express or implied, between him and the party for whom he purports to act or someone authorized to represent such party: 5 Am. Jur. 278 §29. The essential feature of the professional relationship is the fact of the employment to do something in the client's behalf. There must be an agreement, express or implied, for compensation, but whether payment is made in part or in whole by retainer in advance is not material nor is it even indispensable that the compensation should be assumed by the client: Lawall v. Groman, 180 Pa. 532, 538 (1897). The relationship

between attorney and client is contractual, created by the employment by a client competent to contract of an attorney possessing authority to practice his profession.

The commission concluded that the relationship of attorney and client was not established between the seller and respondent's attorney and for that reason delivery to the attorney of the "down payment" receipt was not a delivery to the sellers.

The agreement of sale prepared by the prospective purchasers' attorney, although signed by the sellers, was never executed by the purchasers and remained in the possession of the prospective purchasers' attorney until shortly before the hearing before the commission.

Under these circumstances, the commission was justified in concluding that respondent violated subsection 5 of section 10(*a*) of the Act of May 1, 1929, P. L. 1216, 63 PS §440, when he failed to turn over to the sellers the $400 which he had received as down payment, and that he violated subsection 9 of section 10(*a*) of the Act of May 1, 1929, when he failed to voluntarily turn over to the sellers the "down payment" receipt.

The findings of the commission, which show clearly that they believed the version of the sellers and disbelieved respondent, are based upon competent evidence and, consequently, the conclusions of incompetency and bad faith are justifiable. However, we question the conclusion as to dishonesty. In view of the other adequate, sufficient and independent conclusions, which are based upon competent evidence, and which demonstrate a violation of statutory provisions, the matter of dishonesty is unimportant to this decision.

*Order*

And now, to wit, April 18, 1960, the appeal is dismissed at the cost of appellant.